HARRIS ST. LAURENT LLP
Yonaton Aronoff
Evan W. Bolla
40 Wall St., 53rd Floor
New York, NY 10005
(t) 212-397-3370
(f) 212-202-6206

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UCC ASSET MANAGEMENT CORP. and DEAN LANDIS, <br><br> *Plaintiffs*, <br><br> v. <br><br> GLOBAL MERCHANT BOND SERIES, INC., <br><br> *Defendant*. | **Case No: 20-cv-3484** <br><br> **COMPLAINT** |

Plaintiffs UCC Asset Management Corp. ("UCC") and Dean Landis ("Landis") (together "Plaintiffs" or "Vendors"), by their undersigned counsel, state the following as their Complaint against Defendant Global Merchant Bond Series ("Global").

**PRELIMINARY STATEMENT**

1.      This case is about Defendant's willful failure to honor its contractual obligation to pay Plaintiffs a $300,000 breakup fee for failing to complete the purchase of a membership interest in non-party Entrepreneur Growth Capital LLC ("EGC") after being provided exclusive dealing rights.

## PARTIES

2.      Plaintiff UCC Asset Management Corp. is a New York corporation with its principle place of business in New York, New York.

3.      Plaintiff Dean Landis is an individual residing in New York, New York and the principal of UCC.

4.      Defendant Global Merchant Band Series, Inc. is an Ontario corporation with its principle place of business in Toronto, Ontario.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to U.S.C. § 1332(a)(2) as the parties are citizens of a State and citizens or subjects of a foreign state and the amount in controversy is greater than $75,000.

6.      Venue is proper pursuant to U.S.C. § 1391(b)(2) as a substantial part of the events that give rise to the claim occurred in New York, and as the parties have agreed by contract that courts in New York are the exclusive venue for any dispute arising out of the pertinent agreement.

## FACTUAL BACKGROUND

7.      On January 23, 2018, Defendant Global, then operating under the name TFS Canada Bond Series, Inc., as "Purchaser", and UCC and Landis, as "Vendors", entered into a letter of intent agreement (the "2018 LOI") to govern the possible purchase of a 100% membership interest of EGC from Vendors.

8.      The 2018 LOI provided for closing of the transaction by March 31, 2018.  The 2018 LOI provided that should the transaction not close for any reason other than the results of the

Purchaser's due diligence of EGC, Vendors would be entitled to up to $75,000 in reimbursements for disbursements incurred by them in connection with the contemplated deal.

9.      After extending the closing date and despite the parties agreeing to final terms of that transaction, Global canceled the transaction because of an issue in acquiring the necessary financing.

10.     While Global did pay for a portion of the Vendors' associated legal costs as called for under the 2018 LOI, Vendors still incurred additional out-of-pocket costs associated with the transaction that went unreimbursed.

11.     Approximately one year later, Global advised Vendors that it had satisfied itself that it could proceed with the transaction under a slightly modified structure.

12.     Accordingly, on September 20, 2019, Defendant Global, as "Purchaser", and Landis and UCC, again as "Vendors", entered into a new letter of intent agreement (the "2019 LOI") to govern the possible purchase of a 75% membership interest of EGC from Vendors. A copy of the 2019 LOI is annexed hereto as Exhibit 1.

13.     The contemplated purchase price was approximately $16,000,000 and an amount equal to 75% of the "Members Equity" in EGC.  Under the terms of the 2019 LOI, the parties agreed to a due diligence period and scheduled closing for no later than sixty calendar days after and excluding the date of the 2019 LOI (*i.e.*, November 20, 2019).

14.     The 2019 LOI further provided that Vendors would grant the Purchaser the exclusive rights to negotiate and complete the transaction (the "Exclusivity Period").

15.     An increased breakup fee was specifically negotiated and agreed upon in light of the last-minute failure of the 2018 LOI deal to close and the Vendors' previously unreimbursed costs.

16.     Specifically, the 2019 LOI states that if the Purchaser elects not to complete the transaction for any reason other than the results of its due diligence or an inability to agree to final terms materially similar to those set forth in the 2019 LOI, the Purchaser must pay Vendors $300,000 for their lost opportunity (the "breakup fee").

17.     As a result of delays by Global the sale did not close by the closing date. Nevertheless, the parties negotiated an amended LOI which was circulated among the parties, with a near final version being transmitted from Global to Vendors on or about January 6, 2020 (the "2020 LOI"). A copy of that version of the 2020 LOI is annexed hereto as Exhibit 2.

18.     The 2020 LOI modified the 2019 LOI and set forth a new closing date of January 31, 2020.

19.     The 2020 LOI states: "Purchaser also confirms it has completed its credit review and received credit approval subject to the following[.]" It then memorialized seven conditions which had previously been orally agreed to by the Vendors.

20.     Plaintiffs added one clarifying phrase and proposed a modification to the breakup fee clause from the 2019 LOI, and the executed and returned the agreement on January 7, 2020. A copy of the redline of those proposed changes and the executed clean version of that version of the 2020 LOI are collectively attached as Exhibit 3.

21.     The 2020 LOI concluded, "Please confirm your acceptance of the above by signing and returning a copy of this letter to the undersigned by email on or before January 10, 2020." Global did not return a physically signed copy of the 2020 LOI.

22.     As the January 31, 2020 closing date approached Global abruptly stopped communicating with Vendors and did not respond to multiple attempts to assess the status of the sale.

23.     On February 3, 2018, with the passage of the closing date and no word from Global, counsel for Vendors wrote to Jonathan Staebler, General Counsel for Global, and demanded that Global pay the $300,000 breakup fee which the letter highlighted would be owed under either the 2019 or 2020 LOI.

24.     Global responded by letter on February 18, 2020 rejecting Vendors' claim and citing to the 2019 LOI language.  In that letter, Global claimed that it did not close the transaction because of the result of due diligence and because a modified LOI was not executed by both parties.

## CAUSES OF ACTION

## COUNT I

## BREACH OF CONTRACT

25.     Plaintiff repeats and realleges, as if set forth fully herein, the allegations in the preceding paragraphs of this Complaint.

26.     The 2019 LOI is a binding contract between Global and Plaintiffs.

27.     Plaintiffs performed under the contract by, among other things, providing Global exclusive dealing rights, access to significant information and documents, and foregoing other opportunities.

28.     The contemplated sale did not close by the closing date set forth in the 2019 LOI.

29.     Global did not provide written notice that it was terminating the agreement as the result of its due diligence as required by Section 4 of the 2019 LOI.

30.     Global did not raise any issues concerning "final material terms" and no such issue resulted in the sale not closing.

31.     Accordingly, Global was required to pay Vendors a $300,000 breakup fee.

32.     Global has breached the 2019 LOI by failing to pay the $300,000 breakup fee.

33.     Alternatively, Global has breached the inherent obligation of good faith and fair dealing by attempting to cite to due diligence concerns that were fully addressed in writing by the Vendors' execution of the 2020 LOI as a basis for the sale not closing.

34.     Accordingly, Vendors seek an award of damages in the amount of $300,000, as well as pre-judgement interest and an award of attorney fees, as a result of Global's bad faith and willful breach.

## COUNT II

### BREACH OF CONTRACT
### *(In the Alternative)*

35.     Plaintiff repeats and realleges, as if set forth fully herein, the allegations in the preceding paragraphs of this Complaint.

36.     The 2019 LOI, together with the 2020 LOI, constitutes a binding contract between Global and Plaintiffs.

37.     Plaintiffs performed under the contracts by, among other things, providing Global exclusive dealing rights and foregoing other opportunities.

38.     The contemplated sale did not close by the closing date set forth in the 2020 LOI.

39.     Global did not provide written notice that it was terminating the agreement as the result of its due diligence as required by Section 4 of the 2019 LOI.

40.     Global did not raise any issues concerning "final material terms" and no such issue resulted in the sale not closing.

41.     Accordingly, Global was required to pay Vendors a $300,000 breakup fee within ten days of the end of the Exclusive Period.

42.     Global has breached the terms of the 2020 LOI by failing to pay the $300,000 breakup fee.

43.     Alternatively, Global has breached the inherent obligation of good faith and fair dealing by attempting to cite to due diligence concerns that were fully addressed in writing by the Vendors' execution of the 2020 LOI, a document it prepared, transmitted, and failed to countersign, as a basis for the sale not closing.

44.     Accordingly, Vendors seek an award of damages in the amount of $300,000, as well as pre-judgement interest and an award of attorney fees, as a result of Global's bad faith and willful breach.

## PRAYER FOR RELIEF

45.      Plaintiffs respectfully request a judgment awarding them:

(a)     $300,000 in damages for breach of contract, together with prejudgment interest and attorneys' fees, and

(b)     Granting such other relief, including interest, as may be just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

DATED:        May 5, 2020
                    New York, NY

Respectfully submitted:

s/*Evan W. Bolla*

_____
Yonaton Aronoff
Evan W. Bolla
HARRIS ST. LAURENT LLP
40 Wall Street, 53rd Floor
New York, NY 10005
T: (917) 512-9472
E: ewbolla@hs-law.com

*Attorneys for Plaintiffs*