USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___10/7/2020___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UCC Asset Management Corp. et al.,

                Plaintiffs,           1:20-cv-03484 (MVK)

  -against-                          REVISED CIVIL CASE
                                        MANAGEMENT PLAN AND
Global Merchant Bond Series, Inc.        SCHEDULING ORDER

                Defendant.

    Mary Kay Vyskocil, United States District Judge

    This proposed First Amended Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23(f)(3):

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

## **DISCOVERY**

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be served not later than 14 days from the date of this Order.

5. All fact discovery shall be completed no later than ~~September 30, 2020~~ **November 30, 2020**.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by July 9, 2020.

    b. Interrogatories to be served by July 23, 2020.

    c. Depositions to be completed by ~~August 20, 2020~~ **November 1, 2020**.

    d. Requests to Admit to be served no later than ~~August 31, 2020~~ **November 14, 2020**.

7. Expert Discovery

    a. All expert discovery shall be completed no later than ~~November 13, 2020~~ **January 12, 2021**.

    b. No later than 30 days prior to the date in paragraph 5, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

10. All counsel must meet face-to-face for at least one hour to discuss settlement and the use of alternate dispute resolution within 14 days after the close filing of a responsive pleading.

11. The parties have discussed settlement and the use of alternate dispute resolution. Prior to filing suit, the parties' counsels had at least three phone calls looking to determine if a resolution could be reached. Additionally, the parties spoke for thirty-five minutes before reaching an impasse where it was agreed there was no further utility to continuing discussions at this time. The parties respectfully request the Court waive the additional twenty-five minutes of ordered settlement discussion in light of the significant efforts made prior to filing suit and that the parties are in agreement that they have engaged in good-faith discussions but are currently unable to resolve the matter.

    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: It

>> is not necessary in light of already served discovery demands and the limited issues at play.
>
> b. Counsel for the parties have discussed the following alternate dispute resolution mechanisms for use in this case: participation in the District's Mediation Program. Counsel for the parties propose the following alternate dispute resolution mechanisms for this case.
>
> c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed at the following point in the case: after the close of fact discovery.
>
> 12. Counsel for the parties have conferred and their present best estimate of the length of trial is 3 days.

***TO BE COMPLETED BY THE COURT:***

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

A Post-Discovery Conference is scheduled for   December 17, 2020   at   11:00 AM   in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

a. A statement of any existing deadlines, due dates, and/or cut-off dates;
b. A brief description of any outstanding motions;
c. A brief description of the discovery undertaken and if either party believes any additional discovery that needs to be completed, the reason why the discovery has not been undertaken.
d. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
e. A statement of the anticipated length of trial and whether the case is to be tried to a jury;
f. A statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (see Individual Practice Rules ¶4(A)(i));
g. Any other issue that the parties would like to address at the conference; and
h. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If no Summary Judgment motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than 3 days prior to the expiration of the date sought to be extended.**

*Mary Kay Vyskocil*
Hon. Mary Kay Vyskocil
United States District Judge

Dated: __October 7, 2020_____

New York, New York

The Clerk of Court is respectfully directed to terminate the letter motions pending at docket entries 15 and 16.